**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SUSAN KRISCH**<br>4504 Springfield Ave, Apt 2R, Philadelphia, PA 19143;<br><br>**EBONIE CHAMPION**<br>2440 W Glenwood Ave, Unit B, Philadelphia, PA 19121;<br><br>and<br>**JESSE GEGUZIS**<br>4614 Baltimore Ave, 2R, Philadelphia, PA 19143<br><br>**Plaintiffs,** ***individually and on behalf of all others similarly situated,***<br><br>**v.**<br><br>**THE WEDGE MEDICAL CENTER, INC.**<br>6711 Old York Rd, Philadelphia, PA 19126;<br><br>**WMC**<br>6711 Old York Rd, Philadelphia, PA 19126;<br><br>**ARMAND MAGUNDAYAO**<br>290 River Rd, Gladwyne, PA 19035;<br><br>**MINDA MAGUNDAYAO**<br>290 River Rd, Gladwyne, PA 19035;<br><br>and<br>**JASON MCLAUGHLIN**<br>201 Wischman Ave, Oreland, PA 19075;<br><br>**Defendants.** | **Civil Action No. ___________**<br><br>***JURY TRIAL DEMANDED*** |

## CLASS ACTION COMPLAINT

Plaintiffs Susan Krisch, Ebonie Champion, and Jesse Geguzis (collectively "Plaintiffs") hereby bring this action against Defendants The Wedge Medical Center, Inc., WMC, Armand Magundayao, Minda Magundayao, and James McLaughlin (collectively "Defendants"), and

allege, upon personal belief as to their own acts, and upon information and belief as to the acts of others, as follows:

## INTRODUCTION

1. Plaintiffs bring this Class Action Complaint contending that Defendant The Wedge Medical Center, Inc. and Defendant WMC (the "Corporate Defendants") improperly terminated Plaintiffs and a class of similarly-situated former employees of Defendant without sixty (60) days' advance written notice as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101 et seq.

2. Plaintiffs further contend that Defendants unlawfully failed to pay them and a class of similarly-situated former employees wages for paid time off ("PTO") used prior to the end of their employment with Defendants, in violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq.

3. Plaintiffs bring this action as a representative action under the WARN Act and WPCL for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## PARTIES

4. Plaintiffs are all former employees of Defendants.

5. Plaintiff Susan Krisch was formerly employed by Defendants in the role of Program Coordinator and currently resides at 4504 Springfield Ave., Apt 2R, Philadelphia, PA 19143.

6. Plaintiff Ebonie Champion was formerly employed by Defendants in the role of Recovery Worker and currently resides at 2440 W Glenwood Ave, Unit B, Philadelphia, PA 19121.

7. Plaintiff Jesse Geguzis was formerly employed by Defendants in the roles of Recovery Specialist and Therapist and currently resides at 4614 Baltimore Ave, 2R, Philadelphia, PA 19143.

8. Defendant The Wedge Medical Center, Inc. is a business corporation formed in Pennsylvania whose principal place of business is located at 6711 Old York Road, Philadelphia, PA 19126.

9. Defendant WMC is a non-profit corporation formed in Pennsylvania with a registered office and principal place of business located at 6711 Old York Road, Philadelphia, PA 19126.

10. Upon information and belief, Defendant Armand Magundayao is the Chairman and Secretary of the Board of Directors of Defendant The Wedge Medical Center, Inc., the President of Defendant WMC, and an owner of both Corporate Defendants.

11. Upon information and belief, Defendant Minda Magundayao is the President of the Board of Directors of Defendant The Wedge Medical Center, Inc as well as an owner of the entity.

12. Upon information and belief, Defendant Jason McLaughlin is the Chief Executive Officer of the Corporate Defendants.

13. Upon information and belief, the Corporate Defendants present themselves as a single company doing business as Wedge Medical Center and Wedge Recovery Center.

14. Upon information and belief, Defendant the Corporate Defendants have unified and overlapping ownership, management, and business functions.

15. Upon information and belief, the Corporate Defendants share authority over employees, work assignments and conditions, and employee compensation and records.

16. Thus, upon information and belief, the Corporate Defendants (The Wedge Medical Center, Inc. and WMC) constitute joint, integrated, and/or single employer(s) with respect to the Plaintiffs and Class Plaintiffs employment.

**JURISDICTION AND VENUE**

17. Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18. This action is instituted pursuant to the WARN Act and the WPCL.

19. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367 and 29 U.S.C. §2104(a)(5).

20. This Court has supplemental jurisdiction over Plaintiffs' state law claims, as those claims arise out of the same common nucleus of operative facts as their federal claims.

21. The venue in this district is proper to 28 U.S.C. § 1391, as Defendants reside and do business herein and the unlawful practices of which Plaintiffs are complaining were committed herein.

22. Plaintiffs filed the instant action within the statutory time frame applicable to their claims.

**CLASS ACTION ALLEGATIONS**

23. Paragraphs 1 through 22 are hereby incorporated by reference as if the same were fully set forth at length herein.

24. Plaintiffs bring Count I on behalf of themselves and a class of similarly situated individuals, pursuant to 29 U.S.C. § 2104(a)(5), who worked for either or both Defendant The Wedge Medical Center, Inc. and/or Defendant WMC in Philadelphia, PA and whose employment

was terminated without cause less than 60 days after being notified, on May 5, 2025, of their "plant closing" ("WARN Class Plaintiffs").

25. Plaintiffs bring Count II on behalf of themselves and class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who worked for one or more Defendants yet were not paid for PTO earned and used prior to the end of their employment ("WPCL Class Plaintiffs").

26. The members of both classes are so numerous that joinder of all members is impractical.

27. It is estimated, upon information and belief, that there are in excess of 200 WARN Class Plaintiffs who were terminated without proper notice under the WARN Act.

28. It is estimated, upon information and belief, that there are in excess of 100 WPCL Class Plaintiffs who were not paid all earned wages in violation of the WPCL.

29. The precise number of employees can be easily ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Class members may be informed of the pendency of this Class Action by direct and electronic mail.

30. There are questions of law and fact common to the WARN Class Plaintiffs, including, but not limited to:

A. Whether the Corporate Defendants were required to provide 60-day notice prior to terminating the WARN Class Plaintiffs pursuant to the WARN Act;

B. Whether the Corporate Defendants failed to provide WARN Class Plaintiffs with 60-days' notice of a plant closing or mass layoff prior to terminating their employment;

C. Whether the Corporate Defendants violated the WARN Act.

D. Whether the WARN Class Plaintiffs have suffered and are entitled to damages, and if so, in what amount; and

E. Whether the Corporate Defendants can prove that any exemptions to the WARN Act apply.

31. There are questions of law and fact common to the WPCL Class Plaintiffs, including, but not limited to:

A. Whether Defendants failed to provide the WPCL Class Plaintiff's PTO pay owed for PTO taken in the weeks preceding their layoffs;

B. Whether Defendants failed to pay the WPCL Class Plaintiffs other earned wages and compensation;

C. Whether Defendants were legally required by the WPCL to provide PTO pay and pay for all hours worked;

D. Whether Defendants willfully violated the WPCL;

E. Whether WPCL Class Plaintiffs have suffered and are entitled to damages, and if so, in what amount; and

F. Whether WPCL Class Plaintiffs are entitled to liquidated damages under the WPCL.

32. Plaintiffs' claims are typical of the claims of the WARN Class Plaintiffs. Plaintiffs are former employees of the Corporate Defendants who were terminated without being provided a full 60 days' notice of a plant closing as defined by the WARN Act and therefore suffered similar injuries as those suffered by the WARN Class Plaintiffs. The Corporate Defendants' violations of the WARN Act affected Plaintiffs and WARN Class Plaintiffs in the exact same way.

33. Plaintiffs Ebonie Champion's and Jesse Geguzis's claims are typical of the claims of the WPCL Class Plaintiffs. Plaintiffs are former employees of Defendants who were not paid all earned wages and compensation for their employment and therefore suffered similar injuries suffered by the WPCL Class Plaintiffs. Defendants' violations of the WPCL affected Plaintiffs Champin and Geguzis and the WPCL Class Plaintiffs in the exact same way.

34. Plaintiffs will fairly and adequately represent and protect the interests of the WARN Class Plaintiffs and WPCL Class Plaintiffs. Plaintiffs are similarly situated to the WARN Class Plaintiffs and the WPCL Class Plaintiffs and have no conflict with the Class members.

35. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation.

36. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudication with respect to individual members of the classes that would establish incompatible standards of conduct for Defendants;

B. Defendants, by failing to provide proper notice under the WARN and by failing to pay earned wages under the WPCL, have acted or refused to act on grounds generally applicable to the Class Plaintiffs, thereby making equitable relief appropriate with respect to Class Plaintiffs as a whole; and

C. The common questions of law and fact set forth above applicable to Class Plaintiffs predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this

case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

37. Class action treatment will also allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

38. Additionally, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the class members to bring individual claims.

39. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the class to protect his or her interests.

## FACTUAL BACKGROUND

### *Facts Pertaining to WARN Class Claims*

40. Paragraphs 1 through 39 are hereby incorporated by reference as if the same were fully set forth at length herein.

41. Defendants provided substance abuse treatment and mental health services at various buildings in city of Philadelphia, including 2009 South Broad Street, Philadelphia, PA 19148; 3609 North Broad Street, Philadelphia, PA 19140; 4243 Frankford Ave, Philadelphia, PA 19124; 1939 S. Juniper Street, Philadelphia PA 19148; 6701 North Broad Street, Philadelphia, PA 19126; 3604 Germantown Avenue, Philadelphia, PA 19140; and 5520 Chester Ave, Philadelphia, PA 19143.

42. Defendants operated three programs: a Substance Abuse program, a Mental Health Outpatient program, and a Recovery and Education Center (REC) day program, which were facilitated at Defendants' various locations.

43. Defendants' three programs were coordinated from and overseen by their corporate office, located at 6711 Old York Road, Philadelphia, PA 19126.

44. Additionally, there was significant communication, shared resources, and coordination amongst employees working on each program across building locations.

45. Upon information and belief, Defendants employed more than 200 people, many of whom worked at multiple of the above locations.

46. For example, Defendants' support staff rotated to different locations depending on need.

47. Additionally, Defendants' psychiatrists worked remotely but provided services to all of Defendants' buildings.

48. In turn, Defendants' psychiatry support and nurse teams rotated to different buildings in relation to where the psychiatrists provided services.

49. Accordingly, Defendants' buildings, though dispersed within a reasonable geographic proximity, constituted a single site of employment under the WARN Act.

50. On May 5, 2025, Defendants held a Zoom meeting with all of their employees where they announced that Defendants planned to cease operations and that all employees would be laid off within 30 days.

51. These circumstances constitute a plant closing within the meaning of the WARN Act.

52. However, Defendants failed to wait 60 days from the date it provided notice to employees of the plant closing before terminating the affected employees.

53. Indeed, several employees were terminated as early as May 16, 2025, while others were terminated on May 23, 2025, and May 30, 2025.

54. For example, Plaintiffs were all terminated and their employment ended on May 23, 2025, only 18 days after being notified of the plant closing.

55. Defendants' failure to provide 60-days' notice of its plant closing violated the WARN Act and caused Plaintiffs and WARN Class Plaintiffs to suffer damages.

***Facts Pertaining to WPCL Class Claims***

56. Paragraphs 1 through 55 are hereby incorporated by reference as if the same were fully set forth at length herein.

57. Upon hire and thereafter, Defendants agreed to provide Paid Time Off ("PTO") to Plaintiffs' and Class Plaintiffs as a benefit of and compensation for their employment.

58. Pursuant to Defendants' PTO policy, Plaintiffs and Class Plaintiffs earned vacation and personal PTO time on a yearly basis and sick PTO time on a monthly basis.

59. Defendants paid Plaintiffs and Class Plaintiffs wages when they used their earned vacation, personal, or sick time to take off work.

60. At no point in time did Defendants advise Plaintiffs or Class Plaintiffs that Defendants were eliminating their entitlement to PTO or changing their compensation.

61. In fact, when Defendants announced the mass layoffs on May 5, 2025, they advised: "Employees will be paid for all hours worked/earned, and benefits will continue through their last day of employment."

62. Many of Defendants' employees used PTO between May 5, 2025 and their last day of employment; however, Defendants failed to provide PTO pay for all PTO taken during this time.

63. For example, Plaintiff Ebonie Champion, who was paid on an hourly basis, used approximately 27 hours of PTO between May 14 and May 23, 2025, yet Defendants did not provide her PTO pay for the 27 hours of PTO.

64. Likewise, Plaintiff Jesse Geguzis, who was paid on a salary basis, used approximately 16 hours of PTO between May 12 and May 23, 2025, yet Defendants did not provide them PTO pay for the 16 hours of PTO.

65. Additionally, upon information and belief, Defendant failed to provide other employees with pay for PTO taken between May 5 and May 30, 2025, including but not limited to Pioquinto Voluntad, Mika Romano, Manon Riley, Ernestine Delmoor, Arielle McGraw, Michelle McEachin, and Regina Feola.

66. Defendants' failure to provide PTO pay to employees violated the WPCL and causes WPCL Class Plaintiffs to suffer damages.

**COUNT I**
***Brought against Defendant The Wedge Medical Center, Inc. and Defendant WMC***
**WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT ("WARN ACT")**
**29 U.S.C. §2101 et seq.**
**FAILURE TO PROVIDE 60-DAY NOTICE BEFORE TERMINATION**

67. Paragraphs 1 through 66 are hereby incorporated by reference as if the same were fully set forth at length herein.

68. The WARN Act provides: "An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order" to the affected employees. 29 U.S.C. § 2102(a).

69. The WARN Act authorizes employees to bring civil actions against employers on behalf of themselves and other affected employees for failing to provide 60-day notice of a plant closing or mass layoff. See 29 U.S.C. § 2104(a)(5).

70. The Wedge Medical Center, Inc. and Defendant WMC failed to provide Plaintiffs and WARN Class Plaintiffs with a 60-day notice prior to ordering a plant closing, in violation of the WARN Act.

71. As a result of this violation of the WARN Act, Plaintiffs and WARN Class Plaintiffs have suffered economic damages.

**WHEREFORE,** Plaintiffs pray for the following relief on behalf of themselves and WARN Class Plaintiffs:

A. An Order certifying this case as a class action and designating Plaintiffs as the representatives of the Class and their counsel as class counsel;

B. An award to Plaintiffs and the Class in the amount they are owed in back pay, including interest thereon;

C. An award to Plaintiffs and the Class of reasonable attorneys' fees and costs;

D. An incentive award or service payment to compensate the named Plaintiffs for the services to and on behalf of the Class; and

E. An award to Plaintiffs and Class Plaintiffs for any other damages available to them under the WARN Act, and all such other relief as this Court may deem just and proper.

**COUNT II**
***Brought against all Defendants***
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW ("WPCL")**
**43 P.S. § 260.1, et seq.**
**FAILURE TO PAY WAGES DUE AND OWING**

72. Paragraphs 1 through 71 are hereby incorporated by reference as if the same were fully set forth at length herein.

73. The WPCL provides employees with a statutory remedy to recover unpaid wages from their employer(s). See 43 P.S. § 260.9a.

74. The WPCL defines "Employer" to include "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. § 260.2a.

75. The WPCL defines "wages" to include "all earnings of an employe[e]," including "fringe benefits or wage supplements" such as "separation, vacation, holiday, or guaranteed pay; reimbursement for expenses; union dues withheld from the employes' pay by the employer; and any other amount to be paid pursuant to an agreement to the employe, a third party or fund for the benefit of employes." 43 P.S. § 260.2a.

76. Paid time-off ("PTO") pay thus constitutes wages under the WPCL.

77. The WPCL requires employers to pay employees earned and owed wages following the employees' termination from employment. See 43 P.S. § 260.5(a).

78. Defendants agreed to provide and did generally provide Plaintiffs and WPCL Class Plaintiffs with PTO pay as compensation for their employment.

79. However, Defendants inexplicably, unjustifiably, and unlawfully refused to provide pay to Plaintiffs and WPCL Class Plaintiffs for PTO taken between May 5, 2025 and May 30, 2025.

80. Pay for this time-off were earned wages pursuant to the WPCL, and Defendants were thus contractually obligated to provide this pay to Plaintiffs and WPCL Class Plaintiffs.

81. Defendants have no lawful basis for refusing to provide the PTO payments, and these wages remain due and owning under the WPCL.

82. As a result of Defendants' willful failure to pay Plaintiffs and WPCL Class Plaintiffs these wages due and owing, Plaintiff and Class Plaintiffs are entitled to liquidated damages equal to twenty-five percent (25%) of the total amount of wages due.

**WHEREFORE,** Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

A. An Order certifying this case as a class action and designating Plaintiffs as the representatives of the Class and their counsel as class counsel;

B. An award to Plaintiffs and the Class in the amount they are owed in PTO pay, including interest thereon;

C. Liquidated damages of twenty-five percent (25%) under the WPCL;

D. An award to Plaintiffs and the Class of reasonable attorneys' fees and costs pursuant to the WPCL;

E. An incentive award or service payment to compensate the named Plaintiffs for the services to and on behalf of the Class; and

F. An award to Plaintiffs and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem just and proper.

## JURY DEMAND

**Plaintiffs hereby demand a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Jake Daniel Novelli, Esq.*

Jake Daniel Novelli, Esq.
Michael Murphy, Esq.
Murphy Law Group, LLC
1628 John F. Kennedy Blvd, Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Counsel for Plaintiffs*

Dated: July 7, 2025

**DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation